# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHELE CLAYTON, et al., ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
|   vs. ) | Case No. 4:14-cv-01927-JAR |
| ) | |
| ORTHO-MCNEIL-JANSSEN ) | |
| PHARMACEUTICALS, INC., et al., ) | |
| ) | |
|     Defendants. ) | |

## MEMORANDUM AND ORDER OF REMAND

This matter is before the Court on Plaintiffs Michele Clayton, individually and as Guardian of Ricky Alford, Waleeah Brooks, individually and as next friend of J.G., a minor, and Samuel Fisch's (collectively "Plaintiffs") Motion to Remand (Doc. 17). The motion is fully briefed and ready for disposition.[1] For the following reasons, the motion will be **GRANTED.**

On October 9, 2014, Plaintiffs filed this action in the Circuit Court of the City of Saint Louis against Defendants claiming that they or their next friend suffered various damages arising out of Defendants' research, development, manufacture, design, testing, sale and marketing of the antipsychotic drug Risperdal® (risperidone). On November 14, 2014, Defendants removed this action to this Court on the basis of diversity jurisdiction. However, Plaintiff Samuel Fisch and Defendants Janssen Pharmaceuticals, Inc., and Janssen Research and Development, LLC, are citizens of the State of Pennsylvania. Additionally, Plaintiff Waleeah Brooks, Minor Plaintiff

---

[1] In addition to its response, Defendants also filed a Motion for Leave to File Supplemental Authority (Doc. 29) that the Court has granted. Accordingly, the Court considered the undersigned's opinion *Neeley v. Wyeth LLC*, No. 4:11-cv-00325-JAR, 2015 WL 1456984 (E.D. Mo. Mar. 30, 2015).

1

J.G., and Defendants Janssen Pharmaceuticals, Inc. and Johnson & Johnson are citizens of the State of New Jersey. Despite the lack of complete diversity on the face of the petition, Defendants argue that federal diversity jurisdiction exists because the out-of-state Plaintiffs' claims are fraudulently joined (Doc. 23 at 9-11). Defendants also urge the Court to rule on personal jurisdiction before addressing the issue of subject-matter jurisdiction. Plaintiffs move to remand this case to the Circuit Court for the Twenty-Second Judicial Circuit, asserting that Plaintiffs' claims have been properly joined, and Defendants' fraudulent misjoinder theory must be rejected.

As a preliminary matter, the Court declines to rule on issues of personal jurisdiction first, as the inquiry regarding subject-matter jurisdiction is not "arduous." *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587-88 (1999) (recognizing that where, as here, the issue of subject matter jurisdiction is straightforward, "expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first.")

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Products Liability Litigation*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). There is no dispute that one plaintiff is a citizen of the State of Pennsylvania and two plaintiffs are citizens of the State of New Jersey, therefore defeating diversity jurisdiction. However,

Defendants contend that this Court has jurisdiction because the non-diverse plaintiffs have been fraudulently misjoined.

While other circuits have adopted the fraudulent misjoinder doctrine, the Eighth Circuit has not yet determined whether fraudulent misjoinder is a valid basis for removal. *Prempro*, 591 F.3d at 620-22. In *Prempro*, the Eighth Circuit considered the defendants' argument that the plaintiffs' claims were fraudulently misjoined because they did not arise out of the same transaction action or occurrence as required by Rule 20(a), but declined to either adopt or reject the fraudulent misjoinder doctrine. *Id.* at 618-22. The Eighth Circuit concluded that the Prempro plaintiffs' claims, having arisen from a series of transactions involving manufacturers of hormone replacement therapy drugs, shared a "real connection," because common questions of law and fact, particularly as to the issue of causation, were likely to arise during the course of litigation. *Id.* at 623. In this case, Defendants have failed to demonstrate that the joinder of non-Missouri citizens with Missouri plaintiffs in this action "is so egregious and grossly improper . . . that plaintiffs' misjoinder borders on a 'sham' . . . " *Id.* at 624. Furthermore, Plaintiffs' claims share a "real connection" because Plaintiffs are each alleged to have been injured by the same prescription product and arising from the same development, distribution, marketing, and sales practices for that product.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that all remaining pending motions are denied without prejudice as moot.

Dated this 16th day of April, 2015.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE